### GERTNER v. MERKER et al.

(Supreme Court, Appellate Term. June 6, 1907.)

PARTNERSHIP—THE RELATION—EVIDENCE AS AGAINST PARTNERS.

Evidence in an action for goods sold *held* sufficient to show that defendants held themselves out as partners, and that the sale was to them as such.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 80.]

Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Gertner against Yetta Merker and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Joseph Gans, for appellant.

Jerome Steiner, for respondents.

GILDERSLEEVE, P. J. The complaint sets forth a cause of action for goods sold and delivered to the amount of $184.80, upon which $25 have been paid on account, leaving a balance due of $159.80. The defendants answer separately by a general denial. At the end of plaintiff's case defendants' counsel said:

"I move to dismiss the complaint on the ground that the plaintiff has failed to prove that goods were delivered to the defendants in any amount, and on the ground that the plaintiff has failed to prove that there was a partnership existing between Merker and Lerner. I move to dismiss, further, on the ground that it affirmatively appears that Lerner was the agent by power of attorney."

This motion to dismiss the complaint was granted. Plaintiff appeals.

The plaintiff first called as a witness the defendant Yetta Merker, who swears that the store (of defendants) was only hers, and that

Lerner had a power of attorney from her "to buy goods and do everything necessary in that store, and sign checks." She also swears she is engaged to marry Lerner. Plaintiff's next witness was one Kimmerman, an employé of plaintiff, who says that on December 11, 1906, Lerner called at plaintiff's store and said, "I want to buy eggs from you," and that he (said Lerner) ordered 3 or 4 cases of eggs, for which he never paid; that on the 21st of December, 1906, Lerner bought 12 cases of eggs, 10 of said cases at 24 cents a dozen, and 2 at 31 cents a dozen; that there were 30 dozen eggs in each case, making $72 for the 10 cases, and $18.60 for the 2 other cases, or a total of $90.60; that Lerner paid $25 on account. The witness further says that Lerner told him that he had a partner, a lady, and that the witness had seen the other defendant, Yetta Merker, in the store of defendants; that on one occasion she was alone in the said store, and when the witness entered she said, "Well, what is it?" to which he replied, " I want a little check," whereupon she said:

" 'All right, we could not send it up now, because the partner is not here. We will send it up to you.' Q. Did she mention a name? A. The name was Lerner. She said: 'He is not here. You can go home.' Q. Who is he? A. Mr. Lerner, the partner. That is what she said. Q. Who said Lerner? A. She; the partner. I don't know the name from the lady."

The next and last witness was the plaintiff himself, who testifies substantially as follows:

"They [defendants] bought goods from me—eggs. On December 11, 1906, Mr. Lerner came to my store and said: 'I got a store, and I have a lady partner, and I would like to buy some eggs from you. I am going to be a good customer of yours. We buy a lot of goods.' I said: 'I treat you nice.' He bought ten cases of eggs at 24 cents a dozen, and two cases at 31 cents a dozen; so that on the 11th he bought ten cases at $72. It was delivered to nobody. It was delivered to the store. Q. What was the other two cases you were going to explain? A. Two cases at 31 cents a dozen. They were altogether $94.20. Q. Do you know whether those cases of eggs were delivered? (Objected to. Sustained. Exception.) He [Lerner] gave me $25. He said: 'I will pay you on Saturday night.' Q. Afterwards did he give you this check? A. Yes; the balance of $94. (This check, which is marked 'Exhibit A.' is not annexed to the record.) I presented this check to the Colonial Bank. It was sent back.

"Defendant's Counsel: That check was never paid.

"Q. After the 11th of December did Lerner come again to your place to buy other goods? A. Yes, sir. Q. How many cases? A. Ten cases of eggs at 24 cents and two cases of eggs at 31 cents making a total of $92. Q. Ten cases at 24 cents is $72? A. Yes. Q. And the two cases at 31 cents is $18.60? A. Yes. Q. Did you get any money? For these last twelve cases? A. No, sir. I went to the store [of defendants] on Saturday, and Lerner said: 'I am too busy, and I cannot give you any check now. Come around Monday—Saturday is a busy day—and I will give you a check.' I saw the twelve cases of eggs in the store [of defendants]; the eggs that I sold to him the day before, Friday. I went back Monday, and Lerner said: 'Tuesday is Christmas. You be around Tuesday, and I give you the check.' I went there Tuesday. He was in the store and behind the counter, and there was the other fellow there that he sold the store to. He said: 'I am very sorry, I have not the money to give you. My partner sold the store to this man, and I cannot do anything.' I said: 'You took the goods off me, and the twelve cases of eggs are in the place. What for you sell my goods?' He said: 'Well, I don't know anything. My partner sold them.' I told him I wanted to take the eggs, if he sold the store. The eggs were right there on the floor. He said: 'I cannot do anything. They belong to this fellow.' Q. Did he tell you when

they made out the bill of sale to Gadella Spring? A. The Saturday. In the morning, they made the bill of sale; and I asked him to show me the bill of sale, and said: 'How can you sell my goods?' He said: 'It is made by the lawyer.' Spring told me— He don't tell me anything, only about the bill of sale. I never get any goods back, or any money. Q. You did not get paid for the last twelve cases, nor for the checks either? A. No, sir."

No witnesses were called by defendants. While there are considerable incoherencies and some discrepancies in the testimony, due, in some measure, perhaps, to an imperfect knowledge of English on the part of the witnesses, still there is sufficient evidence to show that defendants held themselves out as partners; that Lerner bought goods from plaintiff of the value of $90.60, at least; that plaintiff saw those goods in defendants' store, so that they must have been delivered; that only $25 have been paid in all by defendants to plaintiff for said goods; that defendants have refused either to return the goods or to pay for them; and that, after repeated promises to pay, defendants sold the goods to another party. Upon this testimony, which stands uncontradicted, and which is entitled, not only to belief, but to such favorable inferences as may reasonably be drawn therefrom, under the familiar rule governing cases where the complaint is dismissed on plaintiff's evidence alone, it was error for the court below to hold that the plaintiff had not made out a prima facie cause of action.

The sole ground urged by counsel for the respondent in support of the judgment is the claim that, while the complaint alleges that defendants were copartners, the testimony of defendant Yetta Merker shows that she alone owned the store and that Lerner represented her under a power of attorney. A fair inference from the evidence of plaintiff and Kimmerman, however, is that defendants held themselves out as partners, which inference is in no way contradicted by Yetta Merker, and that the credit was given to defendants, and the goods sold and delivered to them, as such copartners. Moreover, section 172 of the Municipal Court act (Laws 1902, p. 1543, c. 580), provides thus:

"A variance between an allegation in a pleading and the proof is not material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits. If a party insists that he has been misled, that fact and the particulars in which he has been misled must be proved to the satisfaction of the court. Thereupon the court may in its discretion order the pleading to be amended on such terms as may be just."

There is no claim here that defendants have been misled to their prejudice by any variation between the pleadings and the proof.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

FITZGERALD, J., concurs. GOFF, J., dissents.